852 F.2d 566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellant,
v.
(UNDER SEAL), Appellee.
 No. 88-5546.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 11, 1988.
Decided: May 13, 1988.
 
 N.D.W.Va.
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Chief District Judge. (Misc. 85-311-W).
 Martin Patrick Sheehan on brief, for appellant.
 Patrick Shannon Casey on brief, for appellee.
 Before WIDENER, JAMES DICKSON PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by the United States from an order of the district court which quashed a subpoena issued by a federal grand jury in the Northern District of West Virginia. The subpoena was served upon an attorney and required his appearance and testimony before the grand jury, which was investigating the bankruptcy proceedings of a debtor, who was a former client of the attorney. The debtor employed new counsel and moved to intervene and to quash the subpoena for the attorney. This motion was based upon a claim that the testimony by the attorney before the grand jury would violate the attorney-client privilege. The district court agreed and it quashed the subpoena. We find that any claim of attorney-client privilege was waived by the client when he testified on May 23, 1984, at a hearing held in the bankruptcy court on a Rule to Show Cause as to why his bankruptcy discharge should not be revoked. We reverse and direct that the subpoena issue.
 
 
 2
 * This matter is making its second trip to our court. On October 1, 1987, in Nos. 86-5589, 5590, 5591, 5592, and 5092 we concluded that those appeals were moot because the grand jury had been discharged. However, in order to prevent future mootness if the issue arose again, we proposed:
 
 
 3
 We suggest that the United States make its applications on the first day the next grand jury is convened, or cause subpoenas to be issued with return on that day, and that it request prompt action by the district court with respect to the same. If its applications are denied or the subpoenas quashed, as they were here, that should give the United States time for an expedited appeal.
 
 
 4
 United States v. (Under Seal), Nos. 86-5589, 86-5590, 86-5591, 86-5592, 86-5092, slip op. at 8-9 (4th Cir. Oct. 1, 1987).
 
 
 5
 On January 19, 1988, the first day of a new grand jury, a new subpoena was issued for the attorney. The United States Attorney and the intervenor appeared, stipulated to the relevant record, and requested the district court to rule on the validity of the subpoena. On February 29, 1988, the district court quashed the new subpoena on the grounds that it violated the attorney-client privilege.
 
 
 6
 On June 14, 1983, the debtor-client filed a voluntary Chapter 7 petition in bankruptcy. This petition was signed by the debtor-client, and it was also signed by his attorney, who is the same attorney now subpoenaed by the grand jury. The bankruptcy proceeded routinely until after the debtor had received his discharge. Soon thereafter, the trustee moved to have the discharge revoked upon the ground that the debtor had concealed an asset from the trustee and the bankruptcy court.
 
 
 7
 A hearing on the motion to revoke was held before the bankruptcy judge on May 23, 1984. At this hearing the debtor-client testified after being fully advised by the bankruptcy judge of his constitutional protection against self-incrimination. He was questioned by his then attorney, the same attorney now under subpoena by the grand jury. During this testimony the debtor answered questions as to what information he had given to the attorney at the time of the preparation of the petition for bankruptcy and what information, if any, he had withheld.
 
 
 8
 The questions of the attorney and the answers of the debtor-client reveal in detail their conversations, the information furnished by the debtor-client, and the advice given by the attorney relating to the bankruptcy petition and the assets to be listed thereon.
 
 II
 
 9
 In United States v. Jones, 696 F.2d 1069, 1072 (4th Cir.1982), we held that the burden is upon the proponent of the attorney-client privilege to demonstrate its applicability and that such proponent must not only establish that the relationship existed, but also that the particular communications were privileged and that the privilege had not been waived. We stated:
 
 
 10
 Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege. Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as to all other communications relating to the same subject matter. In re Sealed Case, 676 F.2d 793, 808-09 (D.C.Cir.1982). In Sealed, the court stated that when a party reveals part of a privileged communication to gain an advantage in litigation, the party waives the attorney-client privilege as to all other communications relating to the same subject matter. Selective disclosure for tactical purposes waives the privilege. Id. at 818.
 
 
 11
 696 F.2d at 1072.
 
 
 12
 In the present case the debtor-client engaged in selective disclosure of his conversations with his attorney in order to defend against the motion to revoke his discharge in bankruptcy. This was a selective disclosure for tactical purposes and it waives the privilege as to all communications between the attorney and client relating to his bankruptcy proceedings, including the preparation of the petition for voluntary bankruptcy.
 
 
 13
 After a thorough examination of the briefs and the record, we find oral argument is not needed, and for the foregoing reason the order of the district court is reversed. The case is remanded with instructions to allow the subpoena to issue.
 
 
 14
 REVERSED AND REMANDED WITH INSTRUCTIONS. LET THE MANDATE ISSUE FORTHWITH.